UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1803(DSD/SRN)

Minnesota Industrial
Venture, LLC,

Plaintiff,

v.

**ORDER**

IVI Environmental, Inc.,
and Inspection & Valuation
International, Inc.,

Defendants.

George R. Serdar, Esq. and Messerli & Kramer, 1800 Fifth Street Towers, 150 South Fifth Street, Minneapolis, MN 55402, counsel for plaintiff.

Michael J. Dwyer, Esq., Virginia A. Dwyer, Esq. and Grannis & Hauge, 200 Twin Center Professional Building, 1260 Yankee Doodle Road, Eagan, MN 55121, counsel for defendants.

This matter is before the court upon defendants' motion to dismiss plaintiff's amended complaint pursuant to Minn. Stat. § 544.42, Subd. 6(c) and upon plaintiff's motion to extend the deadline for expert's affidavit and to amend the pretrial scheduling order. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies defendants' motion and grants plaintiff's motion.

FILED 7-30-02
RICHARD D SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

**BACKGROUND**

Plaintiff Minnesota Industrial Venture ("MIV") is a limited liability company which owns a commercial building on Fairview Avenue in Roseville, Minnesota. During 1999, MIV conducted a recapitalization of the LLC and, in connection with the recapitalization, Archon Financial, LP, ("Archon") provided funding. Archon, on behalf of itself and others, including MIV, contacted defendants to produce an environmental evaluation and a property condition report on the Roseville property. Defendant IVI Environmental, Inc. ("IVI") produced the environmental report, which is commonly known as a phase I report. Defendant Inspection and Evaluation International, Inc. produced the property condition report. The amended complaint alleges breaches of contract and negligence by the defendants with respect to the phase I report and the property condition report.

Magistrate Judge Mason conducted a pretrial conference on December 5, 2001, and issued a pretrial scheduling order on December 6, 2001, which required the disclosure of the identity of expert witnesses and full expert reports by plaintiff on or before February 15, 2002. Defendants were required to submit their expert reports on or before May 15, 2002. Discovery terminates on October 1, 2002.

Other than identifying its expert witness in plaintiff's answers to defendants' first set of interrogatories, plaintiff has

not submitted any expert report or answers to interrogatories containing information about the substance of its expert witnesses' expected testimony. Defendants now move the court to dismiss the action, claiming that plaintiff has not complied with the scheduling order or Minn. Stat. § 544.42, Subd. 4(a). Plaintiff requests that the court deny the motion to dismiss, extend the time for submission of the expert affidavit under Minn. Stat. § 544.42 and amend the scheduling order. After a review of the file, record, and proceedings herein, the court denies defendants' motion and grants plaintiff's motion.

## DISCUSSION

### A. Minn. Stat. 544.42

Minn. Stat. § 544.42 establishes procedures to be used in actions against "professionals." The relevant portion of the statute requires, in part, that plaintiff serve upon defendants an affidavit that identifies its expert witness, the substance of the facts and opinions to which the expert is expected to testify and the grounds for each opinion within a 180 days after the commencement of the action or service of the first affidavit. Minn. Stat. § 544.42, Subd. 2(2) and 4(a). Answers to interrogatories that include the information required by the subdivision satisfy the expert affidavit requirements if they are served upon the opponent within the same time limit. Minn. Stat.

§ 544.42, subd. 4. The statute permits the trial court to extend the time limits specified in the statute "for good cause shown." Minn. Stat. § 544.42, subd. 4(b); see also House v. Kelbel, 105 F. Supp. 2d 1045, 1046 (D. Minn. 2000).

Here, plaintiff has not complied with the statute. Plaintiff, however, argues that it is entitled to an extension of time for "good cause." Plaintiff emphasizes that it complied with the first affidavit requirement, that parties cooperated informally during the early stages of discovery and that Robert DeGroot, plaintiff's testifying expert, was unwilling to complete the expert report until he had an opportunity to review the Archon-IVI contract, which plaintiff obtained on April 24, 2002, after repeated attempts. Based upon the evidence, the court concludes that plaintiff has satisfied the "good cause" standard. Thus, the court denies defendants' motion to dismiss and grants plaintiff's motion for an extension of time in which to file its expert report. See Stern v. Dill, 442 N.W.2d 322, 324 (Minn. 1989)(holding that time for serving of affidavits under different but relevant medical malpractice statute, Minn. Stat. § 145.682, may be extended, even after the time limits have expired).

**B. Scheduling Order**

Under the Federal Rules of Civil Procedure 26(a)(2)(B) and the pretrial scheduling order by Magistrate Judge Mason, plaintiff was required to make full disclosures required accompanied by the

written expert report by February 15, 2002. While plaintiff has failed to comply with those requirements, the court concludes that sanctions are inappropriate in these circumstances. However, in order to avoid prejudice to the defendants, the court amends the scheduling order as follows:

Discovery/Nondispositive Motions:

Disclosures of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

August 1, 2002 - By Plaintiff

November 1, 2002 - By Defendants

March 15, 2003 - All discovery of any kind shall be commenced in time to be completed by this dated.

March 20, 2003 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed.

Dispositive Motions/Trial

May 15, 2003 - All dispositive motions shall be served and filed by the parties.

This case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than July 15, 2003.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that

1. Defendants' motion to dismiss is denied and

2. Plaintiff's motion to extend the deadline for expert's affidavit and to amend the pretrial scheduling order is granted.

Dated: July 27, 2002

David S. Doty, Judge
United States District Court